*In re* PEDRO C. DE JESÚS ROMÁN.

*Número:* TS-13,437          *Resuelto:* 27 de marzo de 2015

---

*Geisa M. Marrero Martínez*, en informe; *Pedro C. De Jesús Román, pro se.*

PER CURIAM: Hoy ordenamos la suspensión inmediata e indefinida del Lcdo. Pedro C. De Jesús Román (licenciado De Jesús Román) del ejercicio de la abogacía y de la notaría por ignorar los requerimientos de este Tribunal atinentes a su incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC). A continuación desglosamos los antecedentes fácticos que nos obligan a llegar a esta decisión.

## I

El licenciado De Jesús Román fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y a la práctica de la notaría el 26 de septiembre de 2001.

El 19 de marzo de 2013, la Lcda. Geisa M. Marrero Martínez, Directora Ejecutiva del PEJC (Directora Ejecutiva del PEJC) compareció ante nos en representación de la Junta de Educación Jurídica Continua[1] detallando el trámite procesal proseguido en contra del licenciado De Jesús Román por no haber completado las horas crédito de educación jurídica continua para el periodo del 1 de marzo de 2007 al 28 de febrero de 2009 y por su incomparecencia ante el PEJC cuando se le solicitó.[2] En su Informe nos indicó que el letrado tampoco cumplió con los requisitos reglamentarios correspondientes al periodo del 1 de marzo de 2009 al 28 de febrero de 2011 y del 1 de marzo de 2011 al 28 de febrero de 2013, aunque no ha sido citado a una vista informal al respecto.

Examinado el Informe, el 9 de mayo de 2013 dictamos Resolución mediante la cual concedimos al licenciado De Jesús Román un término de 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por sus incumplimientos e incomparecencias ante el PEJC. El 16 de septiembre de 2013 el togado compareció ante nos alegando haber concluido con los créditos señalados por la Directora Ejecutiva del PEJC en su Informe, por lo que solicitó que diéramos por cumplida nuestra Resolución de 9 de mayo de 2013.

Para corroborar lo anterior, la Secretaría de este Tribunal requirió al PEJC que nos certificara el estatus del licenciado ante dicha entidad desde el periodo en controversia hasta el presente. El PEJC nos sometió entonces una Certificación, mediante la cual acreditó el cumplimiento del licenciado De Jesús Román con los requisitos correspondientes al periodo del 1 de marzo de 2007 al 28 de fe-

---

[1] La Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC) presentó un Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua (Informe).

[2] Según se desprende de un Historial de Cursos Acreditados, emitido por el Programa de Educación Jurídica Continua, al Lcdo. Pedro C. De Jesús Roman le faltaban por tomar 4 créditos en dicho periodo.

brero de 2009.(³) No obstante, señaló que aún le faltaba por completar los créditos necesarios para los dos periodos subsiguientes, es decir, del 1 de marzo de 2009 al 28 de febrero de 2011 y del 1 de marzo de 2011 al 28 de febrero de 2013. Es por dicha razón que el 13 de diciembre de 2013 emitimos una Resolución en la que le concedimos al licenciado De Jesús Román un término de 30 días para que se pusiera al día en los periodos antes indicados, so pena de sanciones, incluyendo su separación de la profesión legal. El 16 de mayo de 2014 el PEJC presentó una nueva Certificación que reflejaba que el letrado todavía no había tomado los cursos requeridos. Tampoco ha comparecido ante nos a justificar su incumplimiento.

## II

El Código de Ética Profesional incorpora en un mismo cuerpo legal las normas mínimas de conducta que deben exhibir los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re Vera Vélez*, 192 DPR 216 (2015); *In re Guemárez Santiago*, 191 DPR 611 (2014). Además de prescribir los deberes de los abogados para con la sociedad, con sus clientes y con sus compañeros, los cánones también fijan los estándares mínimos de comportamiento para con los tribunales. En cuanto a ese último renglón, el Canon 9 del Código exige del abogado una conducta que se caracterice por el mayor de los respetos hacia los tribunales. 4 LPRA Ap. IX, C. 9. Para el fiel cumplimiento de dicho precepto es esencial que los abogados procuren una escrupulosa atención y obediencia a las órdenes de este Tribunal y hacia cualquier otro foro al que el abogado se encuentre obligado a comparecer, en particular cuando se trata de procedimientos disciplinarios sobre su

---

(³) Se certificó asimismo el pago de la cuota por cumplimiento tardío correspondiente a dicho periodo.

conducta profesional. *In re Pérez Román*, 191 DPR 186 (2014); *In re Villamil Higuera*, 188 DPR 507 (2013); *In re Rivera Trani*, 188 DPR 454 (2013).

No hacerlo denota dejadez y una actitud de indiferencia y menosprecio a la autoridad de este Tribunal que no puede ser tomada livianamente. *In re Vera Vélez*, supra. "[D]esatender las órdenes judiciales constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional [...]". *In re Bryan Picó*, 192 DPR 246, 251 (2015). Hemos interpretado que dicha actitud es inaceptable, por lo que amerita la suspensión indefinida del ejercicio de la profesión. *In re Vera Vélez*, supra.

A pesar de que mediante la Resolución de 13 de diciembre de 2013 apercibimos al licenciado De Jesús Román que de no acatar lo allí dispuesto se exponía a sanciones disciplinarias, que incluían su separación del ejercicio de la profesión, éste ha hecho caso omiso.

## III

Por los fundamentos antes expuestos, *decretamos la suspensión inmediata e indefinidamente del Lcdo. Pedro C. De Jesús Román del ejercicio de la abogacía y de la notaría. Le ordenamos notificar a todos sus clientes de su inhabilidad para seguir representándolos y devolverles tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados, así como informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país en los que tenga algún caso pendiente. Deberá acreditar a este Foro el cumplimiento con lo anterior dentro del término de treinta días, a partir de la notificación de esta Opinión "per curiam" y Sentencia. El Alguacil de este Tribunal procederá a incautarse de la obra notarial del licenciado De Jesús Román,*

*incluyendo su sello notarial, y deberá entregarlos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. La Oficina del Alguacil de este Foro notificará personalmente esta Opinión "per curiam" al Lcdo. Pedro C. De Jesús Román.*

*Se dictará Sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.