EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Javier Torres Sobá<br>Enrique G. Banuchi Ríos<br>José A. Ramos Jiménez | 2016 TSPR 170<br><br>195 DPR ____ |

Número del Caso: TS-14,017
                 TS-7,906
                 TS-9,765

Fecha: 10 de junio de 2016

Programa de Educación Jurídica Continua

        Hon. Geisa Marrero Martínez
        Directora Ejecutiva

Materia: Conducta Profesional –

**TS-14017**
La suspensión será efectiva el **29 de junio de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-7906**
La suspensión será efectiva el **14 de junio de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-9765**
La suspensión será efectiva el **3 de agosto de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Javier Torres Sobá                    TS-14,017
Enrique G. Banuchi Ríos               TS-7,906
José A. Ramos Jiménez                 TS-9,765

PER CURIAM

San Juan, Puerto Rico, a 10 de junio de 2016.

Hoy nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de varios miembros de la profesión jurídica por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y por no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer medidas disciplinarias a los abogados de epígrafe.

I

La Hon. Geisa M. Marrero Martínez, para aquel entonces Directora Ejecutiva del PEJC (Directora del PEJC), compareció ante este Foro,

por mandato de la Junta de Educación Jurídica Continua, mediante informes sobre incumplimientos con los requisitos del PEJC. En éstos, nos informa que los abogados de epígrafe han incumplido con el Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC) y han desatendido sus requerimientos en varias ocasiones.[1] En aras de atender los planteamientos de la Directora del PEJC, examinemos en detalle la conducta desplegada por los referidos abogados y los trámites realizados por el PEJC y por este Tribunal en torno a ello.

A.    **Lcdo. Javier Torres Sobá, TS-14,017**

El Lcdo. Javier Torres Sobá (licenciado Torres Sobá) fue admitido al ejercicio de la abogacía el 30 de enero de 2002 y prestó juramento como notario el 25 de marzo de 2002. El 6 de noviembre de 2015 la Directora del PEJC compareció ante este Tribunal mediante *Informe sobre incumplimiento con requisito de educación jurídica continua* (Informe). En éste, señaló que el licenciado Torres Sobá incumplió con los requisitos del PEJC durante el periodo de 1 de septiembre de 2009 al 31 de agosto de 2011. Por ello, el PEJC le cursó al abogado un aviso de incumplimiento, en el cual le concedió un término de 60 días para completar los cursos y pagar la multa por cumplimiento tardío. No obstante, el licenciado Torres Sobá incumplió con ambos señalamientos.

---

[1] 4 LPRA Ap. XVII-E.

Así las cosas, el PEJC citó al licenciado Torres Sobá para una vista informal, a la cual el abogado compareció por escrito. En su misiva, el licenciado Torres Sobá explicó que por razones personales y económicas no cumplió con los requisitos del periodo 2009-2011, pero que comenzaría a tomar los cursos. A su vez, anejó a su comparecencia escrita un giro postal por $50.00 como pago por el cumplimiento tardío del periodo 2009-2011.

En respuesta, el 27 de enero de 2015, el PEJC le notificó al licenciado Torres Sobá su determinación, mediante la cual le concedió un término de 30 días para subsanar la deficiencia del mencionado periodo y pagar la multa de cumplimiento tardío. Además, le advirtió que el incumplimiento con la referida prórroga conllevaría que su caso fuese referido a este Tribunal.[2]

A pesar de habérsele brindado al abogado suficiente oportunidad de ser oído y de cumplir con los requisitos, el licenciado Torres Sobá no cumplió con los mismos. Por ello, la Directora del PEJC, presentó el Informe ante este Foro. Por lo anterior, el 30 de noviembre de 2015, emitimos una Resolución en la cual le concedimos un término de 20 días para que el licenciado Torres Sobá compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía

---

[2] El licenciado Torres Sobá tampoco ha cumplido con los requisitos del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC) durante el periodo de 2011-2013. Sin embargo, del expediente no surge que haya sido citado para vista informal por incumplimiento en ese periodo, según lo dispone la Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

por su incumplimiento con los requisitos del Programa y por no comparecer ante el PEJC cuando le fue requerido.[3]

El 23 de diciembre de 2015, el licenciado Torres Sobá presentó una *Moción en cumplimiento de orden*, en la cual incluyó un *Plan de cumplimiento* para completar los cursos correspondientes. A esos efectos, nos solicitó la oportunidad de cumplir con las deficiencias señaladas por el PEJC. En consecuencia, le concedimos un término adicional de 90 días para cumplir con los requerimientos del PEJC y presentar una certificación de ello a este Tribunal. Al momento, no ha cumplido con nuestra Resolución.

## B.   Lcdo. Enrique G. Banuchi Ríos, TS-7906

El Lcdo. Enrique Banuchi Ríos (licenciado Banuchi Ríos) fue admitido al ejercicio de la abogacía el 25 de enero de 1985 y prestó juramento como notario el 16 de febrero de 1988.[4] El 29 de abril de 2014, la Directora del PEJC compareció ante este Foro mediante *Informe sobre incumplimiento con requisito de educación jurídica continua* (Informe). En el mismo, indicó que el licenciado Banuchi Ríos incumplió con los requisitos del PEJC durante el periodo de 1 de julio de 2007 al 30 de junio de 2009. Por tal motivo, el 14 de agosto de 2009 el PEJC le envió un *Aviso de incumplimiento* al abogado, mediante el cual le concedió un término de 60 días para completar los cursos.

---

[3] Archivada en autos la copia de la notificación de la Resolución el 2 de diciembre de 2015.

[4] El Lcdo. Enrique G. Banuchi Ríos cesó el ejercicio de la notaría el 16 de octubre de 1991.

Ante el incumplimiento de éste, el PEJC lo citó para una vista informal.

Luego de celebrar la vista, el Oficial Examinador recomendó otorgarle una prórroga para actualizar su información en el Registro Único de Abogados (RUA), exponer las razones que constituyan justa causa para eximirlo del cumplimiento con los requisitos del primer periodo, realizar el pago por el cumplimiento tardío y, de no poder constatar el cumplimiento con esos términos, remitir el asunto directamente a la Junta de Educación Jurídica Continua.[5]

Así las cosas, el PEJC le concedió una prórroga final de 30 días al licenciado Banuchi Ríos para que cumpliera con los requisitos señalados. Posteriormente, el 12 de febrero de 2014, el PEJC le otorgó un término adicional de 20 días al abogado para cumplir con lo indicado. No obstante, el licenciado Banuchi Ríos no respondió a los requerimientos.

Debido a su reiterado incumplimiento, el PEJC refirió el asunto a este Tribunal. Así las cosas, el 13 de mayo de 2014 emitimos una Resolución en la cual le concedimos 20 días al abogado para que compareciera ante este Foro y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con

---

[5] Surge del Informe que el licenciado Banuchi Ríos reside en Argentina desde hace 16 años. No obstante, éste tiene estatus de abogado activo ante la Secretaría del Tribunal Supremo, por lo cual está obligado a cumplir con los requisitos de educación jurídica continua. Regla 6, Reglamento de Educación Jurídica Continua, 146 DPR 494 (1998).

los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.[6] El 21 de diciembre de 2015, emitimos otra Resolución en la cual le concedimos un término adicional de 15 días y le apercibimos que su incumplimiento con lo allí dispuesto conllevaría sanciones severas, incluyendo la suspensión de la práctica de la abogacía.[7]

El 12 de enero de 2016 el licenciado Banuchi Ríos compareció ante este Foro mediante *Moción en solicitud de prórroga*. En ésta, señaló que su incumplimiento se debía a que desde 1995 reside en Argentina, pero que estaba haciendo las gestiones necesarias para cumplir con los cursos de educación continua. Por ello, le concedimos un término adicional de 60 días para cumplir con los requerimientos del PEJC y presentar certificación de ello. Sin embargo, el abogado no ha cumplido con nuestra orden hasta el momento.

**C.    Lcdo. José A. Ramos Jiménez, TS-9765**

El Lcdo. José A. Ramos Jiménez (licenciado Ramos Jiménez) fue admitido al ejercicio de la abogacía el 15 de enero de 1991. El 10 de octubre de 2014, la Directora del PEJC compareció ante este Foro mediante *Informe sobre incumplimiento con requisito de educación jurídica*

---

[6] Archivada en autos la copia de la notificación de la Resolución el 14 de mayo de 2014.

[7] Archivada en autos la copia de la notificación de la Resolución el 23 de diciembre de 2015. En dicha Resolución este Tribunal ordenó que se le notificara al abogado a la dirección de Buenos Aires, Argentina y, simultáneamente, al correo electrónico que aparece en el expediente.

*continua* (Informe). En el mismo, indicó que el licenciado Ramos Jiménez incumplió con los requisitos del PEJC durante el periodo de 1 de agosto de 2007 al 31 de julio de 2009 y tampoco pagó la cuota por cumplimiento tardío.[8]

Por consiguiente, el PEJC avisó al abogado sobre su incumplimiento y le citó a una vista informal correspondiente a ese periodo. Sin embargo, el licenciado Ramos Jiménez no compareció a esa vista, por lo cual el Oficial Examinador recomendó remitir el asunto ante este Tribunal al amparo de la Regla 32(C) del Reglamento del PEJC. La recomendación fue acogida por la Directora del Programa.

Por ello, el 31 de octubre de 2014 emitimos una Resolución en la cual le concedimos un término de 20 días para que el licenciado Ramos Jiménez compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por su incumplimiento con los requisitos del Programa y por no comparecer ante el PEJC cuando le fue requerido.[9]

Así las cosas, el 18 de noviembre de 2014 el licenciado Ramos Jiménez compareció ante este Tribunal mediante *Escrito en cumplimiento de orden y en solicitud de término para cumplir con todo requisito del PEJC en*

---

[8] El licenciado Ramos Jiménez tampoco ha cumplido con los requisitos del Reglamento del PEJC durante el periodo de 1 de agosto de 2009 al 31 de julio de 2011 y el de 1 de agosto de 2011 al 31 de julio de 2013. Sin embargo, no ha sido citado para vista informal por incumplimiento en esos periodos, según lo dispuesto en la Regla 32 del Reglamento del PEJC, *supra*.

[9] Archivada en autos la copia de la notificación de la Resolución el 5 de noviembre de 2014.

*torno a status de abogado inactivo*. En éste, señaló que no practica la profesión de la abogacía desde el 1998, antes de que entraran en vigor los requisitos relacionados a la educación jurídica continua, pues desde entonces comenzó estudios en Medicina. Además, indicó que reside en el Estado de Indiana, donde ejerce la profesión de Medicina. Por ello, nos solicitó un término para acogerse al estatus de abogado inactivo, exento de cumplir con los requisitos del PEJC desde el 2006, cuando comenzaron los requisitos del programa.

A esos efectos, el 19 de diciembre de 2014 emitimos una Resolución en la cual le concedimos un término de 20 días para completar el trámite conducente a su inactivación en el Registro Único de Abogados (RUA).[10] Dado al incumplimiento del licenciado Ramos Jiménez, el 19 de junio de 2015 emitimos otra Resolución en la cual le concedimos un término final e improrrogable de 10 días para cumplir con el referido trámite de su inactivación en el RUA.[11] Además, le apercibimos que de no cumplir con lo ordenado se expondría a sanciones disciplinarias severas por incumplir con las órdenes del Tribunal. El licenciado Ramos Jiménez no compareció ante este Foro, por lo cual el 26 de febrero de 2016 emitimos una tercera Resolución. En la misma, le concedimos un término final e improrrogable de 10 días para que tramitara su inactivación en el RUA o

---

[10] Archivada en autos la copia de la notificación de la Resolución el 22 de diciembre de 2014.

[11] Archivada en autos la copia de la notificación de la Resolución el 24 de junio de 2015.

procederíamos a separarlo de la profesión de la abogacía.[12] Al momento, no ha cumplido con nuestra Resolución.

## II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones.[13] Este cuerpo legal impone a los miembros de la profesión jurídica la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".[14] Por ello, todo abogado debe cumplir con los requisitos establecidos en el Reglamento del PEJC, *supra*.[15]

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que no atienden los requerimientos del PEJC e incumplen con las horas crédito de educación jurídica continua.[16] Ante ello, hemos manifestado reiteradamente que la desidia y la dejadez ante los requerimientos del PEJC, no solo constituye un gasto de

---

[12] Archivada en autos la copia de la notificación de la resolución el 1 de marzo de 2016.

[13] *In re* De Jesús Román, 192 DPR 799, 802 (2015).

[14] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. Véanse, también: *In re* Cepero Rivera *et al.*, 2015 TSPR 119, 193 DPR ___ (2015); *In re* López González *et al.*, 2015 TSPR 107, 193 DPR ___ (2015).

[15] Véase, además, *In re* Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, 2015 TSPR 77, 193 DPR ___ (2015).

[16] *In re* López González *et al.*, *supra*; *In re* Arroyo Acosta, 192 DPR 848, 852 (2015); *In re* Rivera Trani, 188 DPR 454, 459-460 (2013).

recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional.[17]

De forma similar, hemos advertido a los miembros de la profesión jurídica que es su deber contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes.[18] Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica.[19] Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía.[20]

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo exige a los abogados mantener actualizados en el RUA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones.[21] Es norma reiterada que incumplir con esta exigencia

---

[17] *In re Cepero Rivera et al.*, *supra*.

[18] Íd.; *In re Rivera Trani*, *supra*, pág. 460; *In re Guzmán Rodríguez*, 187 DPR 826, 829 (2013).

[19] *In re Cepero Rivera et al.*, *supra*; *In re López González et al.*, *supra*; *In re Arroyo Acosta*, *supra*, pág. 852; *In re De Jesús Román*, *supra*, pág. 803; *In re Rivera Trani*, *supra*, pág. 461; *In re Guzmán Rodríguez*, *supra*, pág. 829.

[20] Véanse, además: *In re López González et al.*, *supra*; *In re Arroyo Acosta*, *supra*, pág. 852; *In re De Jesús Román*, *supra*, pág. 803; *In re Rivera Trani*, *supra*, pág. 461; *In re Guzmán Rodríguez*, *supra*, pág. 829.

[21] 4 LPRA Ap. XXI-B. Véanse: *In re Cepero Rivera et al.*, *supra*; *In re López González et al.*, *supra*; *In re Rivera Trani*, *supra*, pág. 460.

obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.[22]

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por los abogados de epígrafe.

III

La Directora del PEJC ha expuesto de forma detallada las gestiones realizadas por el PEJC para requerirle a cada uno de los abogados antes mencionados que cumpla con los requisitos reglamentarios que hemos examinado, mediante los informes presentados ante este Tribunal. No obstante, éstos han desatendido en repetidas ocasiones sus requerimientos. Por ello, la Directora del PEJC nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria.

A pesar de haber concedido a estos abogados amplia oportunidad para que comparecieran ante nosotros y acreditaran su cumplimiento con los requisitos del PEJC, éstos no han cumplido con lo requerido. Recapitulemos sus incumplimientos.

**TS-14,017**: El licenciado Torres Sobá incumplió con los requisitos del PEJC para el periodo 2009-2011. Este Tribunal le concedió varios términos para que compareciera y mostrara causa por la cual no debía ser suspendido del

---

[22] Íd. Véase, también, _In re_ Arroyo Acosta, _supra_, pág. 852.

ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido por éste. No obstante, el licenciado Torres Sobá no ha cumplido con nuestras órdenes.

**TS-7906:** El licenciado Banuchi Ríos incumplió con los requisitos del PEJC para el periodo de 2007-2009. Ante ello, en tres ocasiones le concedimos términos para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido. Asimismo, le apercibimos que de incumplir con nuestras órdenes estaría sujeto a la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la práctica de la abogacía. No obstante, el licenciado Banuchi Ríos aún no ha cumplido con los requisitos del PEJC.

**TS-9765:** El licenciado Ramos Jiménez incumplió con los requisitos del PEJC para el periodo de 2007-2009. Por consiguiente, este Foro le concedió múltiples términos para que completara el trámite conducente a su inactivación del RUA. A su vez, le apercibimos que se expondría a sanciones disciplinarias severas por incumplir con las órdenes del Tribunal, incluyendo la separación de la profesión de la abogacía. Así las cosas, el licenciado Ramos Jiménez no ha comparecido.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Javier Torres Sobá, del Lcdo. Enrique G. Banuchi Ríos y del Lcdo. José A. Ramos Jiménez. Además, suspendemos inmediata e indefinidamente del ejercicio de la notaría al licenciado Torres Sobá.

Como consecuencia, se le impone a cada uno de estos abogados el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. De igual forma, se les ordena que devuelvan a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se les impone también la obligación de informar de su suspensión inmediatamente a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditarán a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Aguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Torres Sobá y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia al Lcdo. Javier Torres Sobá. Al Lcdo. Enrique

Banuchi Ríos notifíquese a la dirección postal de éste en Buenos Aires, Argentina por correo certificado con acuse de recibo y al correo electrónico que obra en RUA. En cuanto al Lcdo. José A. Ramos Jiménez notifíquese a la dirección postal de éste en Fishers, Indiana por correo certificado con acuse de recibo.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Javier Torres Sobá                    TS-14,017
Enrique G. Banuchi Ríos               TS-7,906
José A. Ramos Jiménez                 TS-9,765

SENTENCIA

San Juan, Puerto Rico, a 10 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Javier Torres Sobá, del Lcdo. Enrique G. Banuchi Ríos y del Lcdo. José A. Ramos Jiménez. Además, suspendemos inmediata e indefinidamente del ejercicio de la notaría al licenciado Torres Sobá.

Como consecuencia, se le impone a cada uno de estos abogados el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. De igual forma, se les ordena que devuelvan a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se les impone también la obligación de informar de su suspensión inmediatamente a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditarán a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Aguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Torres Sobá y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia al Lcdo. Javier Torres Sobá. Al Lcdo. Enrique Banuchi Ríos notifíquese a la dirección postal de éste en Buenos Aires, Argentina por correo certificado con acuse de recibo y al correo electrónico que obra en RUA. En cuanto al Lcdo. José A. Ramos Jiménez notifíquese a la dirección postal de éste en Fishers, Indiana por correo certificado con acuse de recibo.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo