EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Héctor A. Tosado Arocho | 2018 TSPR 52<br><br>200 DPR \_\_\_\_ |

Número del Caso: TS-9,009

Fecha: 3 de abril de 2018

Abogado de la parte promovida:

     Por derecho propio

Programa de Educación Jurídica Continua:

     Lcdo. José I. Campos Pérez
     Director

Materia: Conducta Profesional – La suspensión del abogado será efectiva el 3 de abril de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor A. Tosado Arocho          TS-9,009

*PER CURIAM*

San Juan, Puerto Rico, a 3 de abril de 2018.

Nos vemos obligados nuevamente a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión legal que ha incumplido con las órdenes de este Foro. Por ello, hemos decidido suspender al Lcdo. Héctor A. Tosado Arocho (licenciado Tosado Arocho) de forma inmediata e indefinida de la abogacía.

I

El licenciado Tosado Arocho fue admitido al ejercicio de la abogacía el 1 de julio de 1988 y a

la notaría el 3 de agosto del mismo año.[1]  El 23 de junio

de 2017, el Director del PEJC, Lcdo. José I. Campos Pérez,

compareció ante este Tribunal mediante *Informe sobre*

*incumplimiento con requisito de educación jurídica continua*

(Informe). Nos indicó que el abogado había incumplido con

los requisitos del Programa durante el periodo de 1 de abril

de 2012 al 31 de marzo de 2014.  Ante esto, el 30 de mayo

de 2014 el PEJC envió al abogado un *Aviso de Incumplimiento*,

mediante el cual le concedió un término de 60 días para que

completara los cursos necesarios y pagara la multa por

cumplimiento tardío según dispone la Regla 30 (C) del

Reglamento del Programa de Educación Jurídica Continua de

2005, según enmendado (Reglamento del PEJC).[2]  Sin embargo,

el licenciado Tosado Arocho incumplió con ambos

señalamientos.

Así las cosas, el PEJC citó al licenciado Tosado

Arocho para una vista informal el 23 de septiembre de 2014,

pero éste no asistió ni envió comparecencia escrita

ni se comunicó con el Programa posteriormente.[3]  Por ello,

el Oficial Examinador remitió su Informe al Director del

---

[1] Mediante Opinión *Per Curiam* de 5 de septiembre de 2002 decretamos la suspensión indefinida del Lcdo. Héctor A. Tosado Arocho de la notaría y 1 año del ejercicio de la abogacía.  Dicha suspensión fue efectiva el 19 de septiembre de 2002.  Más adelante, por medio de una Resolución emitida el 2 de marzo de 2012, reinstalamos al abogado solamente a la práctica de la abogacía.

[2] 4 LPRA Ap. XVII-E.

[3] Del expediente surge que la correspondencia enviada por el Programa de Educación Jurídica Continua (PEJC o Programa) al Lcdo. Héctor A. Tosado Arocho fue devuelta al Programa.  Véase *Informe sobre incumplimiento con requisito de educación jurídica continua*, pág. 5.

Programa de conformidad con la Regla 32(C) del Reglamento del PEJC, *supra*. Así pues, el 3 de mayo de 2016 el Director del PEJC concedió un término adicional de 30 días al licenciado Tosado Arocho para subsanar la insuficiencia de 24 créditos de educación jurídica continua para el periodo de 1 de abril de 2012 al 31 de marzo de 2014 y pagar la multa de cumplimiento tardío.

Debido a que el licenciado Tosado Arocho incumplió con el término concedido, el Director del Programa recomendó a la Junta de Educación Jurídica Continua del Tribunal Supremo (Junta) rendir un *Informe de incumplimiento* ante esta Curia, conforme establece la Regla 9(7) del Reglamento del PEJC, *supra.* La Junta acogió esa recomendación y encomendó al Director del Programa a presentar dicho Informe.

En el Informe, el PEJC nos señala que el licenciado Tosado Arocho incumplió el período de 1 de abril de 2012 al 31 de marzo de 2014. Asimismo, indica que la correspondencia notificada por el Programa a la dirección que consta en el Registro Único de Abogados (RÚA) fue devuelta por el servicio de correo postal.[4] En relación con esto último, el PEJC nos hace referencia al deber de todo profesional del Derecho de mantener actualizados sus datos y notificar cualquier cambio en la información que consta en el RÚA.

---

[4] Del expediente surge que el licenciado Tosado Arocho no tiene dirección postal adicional ni correo electrónico que consten en el Registro Único de Abogados (RÚA).

Mediante una Resolución emitida el 15 de septiembre de 2017, concedimos un término de 20 días para que el licenciado Tosado Arocho compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión legal debido a su incumplimiento con los requisitos de educación jurídica continua y por no comparecer ante el Programa cuando le fue requerido. Una copia de la notificación de dicha Resolución se archivó en autos el 18 de septiembre de 2017. No obstante, la comunicación fue devuelta a la Secretaría de este Tribunal el 10 de octubre de 2017 por el servicio de correo postal con el siguiente mensaje: *Return to sender – Insufficient Address – Unable to Forward*.

Efectuado el correspondiente trámite por la Oficina de Alguaciles de este Tribunal, el 22 de diciembre de 2017 recibimos un diligenciamiento negativo de Resolución presentado por la mencionada Oficina. En particular, se nos informó que un Alguacil del Tribunal Supremo acudió hasta la dirección provista por el licenciado Tosado Arocho en el RÚA para notificarle de nuestra Resolución de 15 de septiembre de 2017. No obstante, al llegar al lugar, el Alguacil se percató de que allí ya no estaba la oficina legal, sino otro negocio, el cual estaba cerrado tras el paso del Huracán María. Entonces, el Alguacil divisó otro despacho legal por el área (perteneciente al Lcdo. Rafael Avilés Cordero) y allí preguntó si tenían alguna información para conseguir al licenciado Tosado Arocho. Así, se le

indicó al Alguacil que el licenciado Tosado Arocho hacía unos años que no estaba en Arecibo y que vivía en Camuy cerca de la Iglesia El Maestro o que frecuentaba ese lugar. El Alguacil se dirigió al mencionado lugar y preguntó por el abogado en varios negocios del área, mas nadie conocía de éste.

Al momento, el licenciado Tosado Arocho no ha cumplido con nuestra Resolución.

II

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión legal en esta jurisdicción. Ante esto, corresponde que nos aseguremos de que los miembros admitidos a la práctica de la abogacía ejerzan sus funciones de forma responsable, competente y diligente.[5] A esos fines, el Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los integrantes de la ilustre profesión de la abogacía en el desempeño de sus funciones.[6]

En reiteradas ocasiones hemos advertido a los miembros de la profesión legal que es su deber contestar con diligencia los requerimientos de este Foro y acatar nuestras órdenes.[7] Conocido es que desatender los requerimientos de esta Curia es incompatible con la práctica

---

[5] In re Vera Vélez, 192 DPR 216, 225-226 (2015).

[6] In re De Jesús Román, 192 DPR 799, 802 (2015).

[7] In re Justo Méndez Molina, 2018 TSPR 3, 199 DPR ___ (2018); In re Zambrana Ortiz, 2017 TSPR 111, 198 DPR ___ (2017); In re Rivera Trani, 188 DPR 454, 460 (2013).

de la profesión legal, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica.[8] Por tanto, esa conducta conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía.[9]

De conformidad con la obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo exige que los abogados mantengan sus datos personales actualizados en el RÚA, entre estos la dirección postal seleccionada para recibir las notificaciones del Tribunal.[10] Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.[11]

III

En varias instancias le concedimos al licenciado Tosado Arocho unos términos para que compareciera ante este Foro. Además, le apercibimos que el incumplimiento con nuestras órdenes podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la práctica de la abogacía. Sin embargo, el licenciado

---

[8] In re De Jesús Román, supra, pág. 803; In re Bryan Picó, 192 DPR 246, 251 (2015).

[9] In re De Jesús Román, supra, pág. 803; In re Vera Vélez, supra.

[10] 4 LPRA Ap. XXI-B. Véase, además, In re Rivera Trani, supra, pág. 460.

[11] In re Justo Méndez Molina, supra; In re Arroyo Acosta, supra, pág. 852.

Tosado Arocho todavía no ha comparecido ante esta Curia. Con su conducta, el licenciado Tosado Arocho nos ha demostrado su falta de interés en practicar la profesión legal en esta jurisdicción. Ante esas circunstancias, no hay otro remedio que tomar acción disciplinaria en su contra.

IV

Por las razones antes expuestas, decretamos la suspensión inmediata e indefinida del licenciado Tosado Arocho del ejercicio de la abogacía.

El licenciado Tosado Arocho deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. Asimismo, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de  30 días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese por correo certificado con acuse de recibo a la dirección que surge en RÚA.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor A. Tosado Arocho                    TS-9,009

SENTENCIA

San Juan, Puerto Rico, a 3 de abril de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Héctor A. Tosado Arocho del ejercicio de la abogacía.

El licenciado Tosado Arocho deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. Asimismo, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese** por correo certificado con acuse de recibo a la dirección que surge en el RÚA.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.  La Jueza Asociada señora Pabón Charneco, no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo