EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Bernadette Arocho Cruz | 2018 TSPR 97 <br><br> 200 DPR ____ |

Número del Caso:  TS-13,384

Fecha: 22 de mayo de 2018

Programa de Educación Jurídica Continua:

      Lcdo. José I. Campos Pérez
      Director

Materia:  La suspensión será efectiva el 29 de mayo de 2018, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Bernadette Arocho Cruz          TS-13,384

*PER CURIAM*

San Juan, Puerto Rico, a 22 de mayo de 2018.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de una integrante de la profesión legal que ha incumplido de forma reiterada con los requerimientos del Programa de Educación Jurídica Continua (Programa o PEJC) y de la Oficina de Inspección de Notarías (ODIN), así como ha demostrado un patrón de desidia ante las órdenes de esta Curia. Por ello, decretamos la suspensión inmediata e indefinida de la Lcda. Bernadette Arocho Cruz (licenciada Arocho Cruz o abogada) de la práctica de la abogacía.

I

La licenciada Arocho Cruz fue admitida al ejercicio de la abogacía el 30 de enero de 2001 y a la notaría el 24 de mayo del mismo año.[1]

El 10 de julio de 2014, el ex Secretario del Departamento de Justicia, Hon. César R. Miranda Rodríguez, refirió a este Tribunal a un grupo de notarios debido a la presunta participación de éstos -allá para 2011- en un esquema de fraude relacionado con la apropiación ilegal de vehículos de motor.[2] En particular, las violaciones imputadas se relacionaban con la intervención de los notarios al autenticar ciertas transacciones de traspasos ilegales de vehículos de motor por empleados que laboraban en la empresa Bella International Honda en Bayamón, Puerto Rico.[3] Entre esos notarios se encontraba la licenciada Arocho Cruz. Ante ese escenario, la ODIN nos solicitó que -como medida cautelar- ordenáramos la incautación inmediata de la obra protocolar y el sello notarial de la licenciada Arocho Cruz. Así lo ordenamos mediante Resolución de 17 de julio de 2014, por lo que la Oficina del Alguacil del Tribunal Supremo diligenció el

---

[1] Mediante una Opinión *Per Curiam* de 8 de junio de 2017, atendiendo la Queja AB-2014-252, decretamos la suspensión inmediata e indefinida de la Lcda. Bernadette Arocho Cruz (licenciada Arocho Cruz) del ejercicio de la notaría. Esa suspensión fue efectiva el 16 de junio de 2017. Antes de emitir una decisión en dicho caso (Queja AB-2014-252), en julio de 2014 habíamos ordenado -como medida cautelar- la incautación del sello y la obra notarial de la licenciada Arocho Cruz.

[2] Esta es la Queja AB-2014-252 que se presentó contra 5 abogados notarios, entre ellos la licenciada Arocho Cruz.

[3] Véase *Moción solicitando auxilio del Tribunal para incautación cautelar de obra notarial de 11 de julio de 2014*, pág. 1.

mandamiento y en el inventario hizo constar que solo incautó el sello porque la obra notarial ya estaba en la ODIN.

Más adelante, en febrero de 2015 la ODIN nos informó que en junio de 2014 le había notificado a la licenciada Arocho Cruz un informe preliminar de faltas y su obligación de subsanar éstas a la brevedad posible. En particular, la ODIN le señaló estas faltas: deficiencias arancelarias en el único tomo de protocolo de instrumentos públicos formado (año 2001), deficiencias arancelarias en sus seis libros del Registro de Testimonios, y ausencia de su firma y sello notarial en múltiples asientos registrados. A pesar de haber transcurrido 7 meses desde esa notificación de faltas, las gestiones del Inspector de ODIN resultaron infructuosas al intentar comunicación con la abogada. Ante esto, la ODIN nos solicitó que ordenáramos a la licenciada Arocho Cruz a subsanar su obra protocolar en el término de 30 días. Así, el 25 de marzo de 2015 concedimos ese término para que la abogada subsanara las deficiencias notificadas en su obra protocolar y, a su vez, le apercibimos que su incumplimiento podía conllevar sanciones disciplinarias.[4]

Ante el incumplimiento por parte de la licenciada Arocho Cruz de subsanar su obra protocolar, la ODIN nuevamente recurrió a esta Curia el 1 de junio de 2015 para que consideráramos suspenderle de manera inmediata e

---

[4] Una copia de la notificación de la Resolución se archivó en autos el 6 de abril de 2015.

indefinida del ejercicio de la notaría. Entonces, el 19 de junio de 2015 emitimos una Resolución mediante la cual concedimos a la licenciada Arocho Cruz un término final de 20 días para cumplir con nuestra Resolución de 25 de marzo de 2015.

Mediante una moción presentada el 30 de julio de 2015, la ODIN nos informó que la licenciada Arocho Cruz había subsanado la obra protocolar incautada de forma preventiva. En específico, la ODIN expresó que la obra fue aprobada en su totalidad y que la licenciada había cumplido con nuestra Resolución de 25 de marzo de 2015. La ODIN añadió que no había otro asunto pendiente en relación con la abogada, por lo que pidió que se dejara sin efecto su petición de 1 de junio de 2015 solicitando la suspensión inmediata e indefinida de la licenciada Arocho Cruz del ejercicio de la notaría.

Más adelante, el 12 de mayo de 2017 el PEJC presentó un Informe en el que expuso el incumplimiento de la licenciada Arocho Cruz con los requisitos de educación jurídica continua para el período de 1 de agosto de 2009 al 31 de julio de 2011.[5] Específicamente, el PEJC mencionó que se le envió un *Aviso de Incumplimiento* el 2 de noviembre de 2011 para otorgarle un término de 60 días adicionales para que tomara los cursos necesarios con el

---

[5] Debemos destacar que en el Informe se menciona que la licenciada Arocho Cruz tampoco ha cumplido con los requisitos del Programa de Educación Jurídica Continua de los períodos posteriores para los cuales se le notificó el *Aviso de Incumplimiento* el 2 de noviembre de 2011. Véase *Informe sobre incumplimiento con requisito de educación jurídica continua*, págs. 4-5.

fin de subsanar la deficiencia de créditos y que pagara la cuota por cumplimiento tardío que dispone la Regla 30 (C) del Reglamento del Programa de Educación Jurídica Continua de 2005, según enmendado, 4 LPRA Ap. XVII-E (Reglamento del PEJC). Transcurrido un tiempo, el PEJC le envió una citación para vista informal, pero la licenciada Arocho Cruz no asistió ni envió comparecencia escrita ni se comunicó con el Programa posteriormente. Por ello, el Oficial Examinador remitió su Informe a la entonces Directora Interina del Programa de conformidad con la Regla 32(C) del Reglamento del PEJC, *supra*.

Ante el incumplimiento por parte de la licenciada Arocho Cruz con los requisitos reglamentarios de educación jurídica continua y luego de concedérsele oportunidad de ser oída y tiempo suficiente para cumplir, el actual Director del Programa recomendó a la Junta de Educación Jurídica Continua del Tribunal Supremo (Junta) rendir un *Informe de incumplimiento* ante esta Curia, conforme establece la Regla 9(7) del Reglamento del PEJC, *supra.* La Junta acogió esa recomendación y encomendó al Director del PEJC a presentar dicho Informe.

También en mayo de 2017, la ODIN presentó un *Informe Especial* ante esta Curia, en el que pidió excusas y solicitó que dejáramos sin efecto la *Moción informativa notificando subsanación [de] obra protocolar incautada y otros asuntos* presentada el 30 de julio de 2015. En particular, el Director de ODIN nos señaló que luego de

efectuar un proceso de auditoría en julio de 2016, se percató que del expediente de la licenciada Arocho Cruz surgía que ésta no había entregado unos tomos del Libro de Registro de Testimonios ni dos tomos de Protocolo correspondientes a los años naturales 2002 y 2012.

Asimismo, la ODIN añadió que -luego de varios trámites administrativos- la licenciada Arocho Cruz entregó los tomos adeudados del Libro de Registro de Testimonios. No obstante, la obra protocolar continuaba con estas deficiencias: (1) omisión de cancelar el sello a favor de la Sociedad para Asistencia Legal (SAL) en 101 asientos en el Tomo Octavo del Libro de Registro de Testimonios (para un total de $505) y (2) omisión de entregar los tomos de Protocolo formado para los años naturales 2002 (2 instrumentos públicos) y 2012 (3 instrumentos públicos). Así pues, la ODIN nos solicitó que: (1) dejáramos sin efecto la moción presentada el 30 de julio de 2015; (2) concediéramos el término de 30 días para que la abogada entregara los dos tomos adeudados de Protocolo y subsanara la deficiencia arancelaria, y (3) consideráramos la suspensión inmediata e indefinida de la abogada del ejercicio de la notaría.

Luego de examinar el *Informe sobre incumplimiento con requisito de educación jurídica continua*, el 7 de junio de 2017 este Foro emitió una Resolución para conceder a la licenciada Arocho Cruz un término de 20 días

a los fines de que compareciera y mostrara causa por la cual no debía ser suspendida de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Al día siguiente, 8 de junio de 2017, dictamos una Resolución en la cual concedimos a la abogada un término de 20 días para que entregara a la ODIN los tomos adeudados y subsanara la deficiencia arancelaria de $505. En esa ocasión le apercibimos que el incumplimiento con lo ordenado podía conllevar la imposición de sanciones severas como la suspensión del ejercicio de la abogacía.

Una vez más la licenciada Arocho Cruz incumplió con las órdenes de este Tribunal, por lo que el 24 de julio de 2017 la ODIN presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios* para que le ordenáramos a la abogada a que en el término final e improrrogable de        15 días cumpliera nuestra Resolución de 8 de junio de 2017. Además, la ODIN nos solicitó que apercibiéramos a la abogada respecto a que su incumplimiento podía conllevar no solo la suspensión de la abogacía, sino que también se podía referir el asunto al proceso de desacato ante el Tribunal de Primera Instancia.

Entretanto, la licenciada Arocho Cruz presentó una *Moción informativa y en solicitud de término* el 1 de agosto de 2017. En ésta alegó que se encontraba en estado de indefensión debido a la falta de debido proceso de ley en que ha incurrido la ODIN. Específicamente, planteó que

la ODIN ha manejado "con gran informalidad" la inspección de su obra notarial, ello debido a que esa Oficina no ha realizado "las citaciones o comunicaciones oficiales por escrito o por correo electrónico".[6]   Concluyó planteando que tiene el "mayor interés [de] subsanar cualquier falta en nuestra obra notarial, tan pronto seamos notificados formalmente de faltas en la misma".[7]   Añadió que "[e]n ningún momento hemos ignorado requerimiento alguno de la ODIN".[8]

Así las cosas, atendiendo la Queja AB-2014-252, el 8 de junio de 2017 emitimos una Opinión *Per Curiam* mediante la cual suspendimos de manera inmediata e indefinida a la licenciada Arocho Cruz del ejercicio de la notaría.       En específico, la abogada aceptó que -como parte de un esquema de fraude relacionado con la apropiación ilegal de vehículos de motor- ella dio fe falsamente de que unas personas firmaron en su presencia el dorso de un certificado de título autorizando el traspaso de un vehículo de motor.   Ante esto, en aquella ocasión concluimos que la licenciada Arocho Cruz violó los Arts. 2, 12 y 56 de la Ley Notarial, 4 LPRA secs. 2002, 2023 y 2091, las Reglas 65, 66 y 67 del Reglamento Notarial, 4 LPRA Ap. XXIV, y los Cánones 18, 35 y 38 de Ética Profesional, 4 LPRA Ap. IX.

---

[6] *Moción informativa y en solicitud de término*, pág. 1.

[7] Íd., pág. 2.

[8] Íd.

Atendiendo la *Moción notificando incumplimiento de orden y en solicitud de remedios* presentada por la ODIN el 24 de julio de 2017, emitimos una Resolución el 11 de agosto de 2017 para conceder a la licenciada Arocho Cruz un término final e improrrogable de 15 días para que entregara a la ODIN los tomos adeudados y subsanara la deficiencia arancelaria de $505. Allí le apercibimos que su incumplimiento podía conllevar un referido al procedimiento de desacato en el Tribunal de Primera Instancia, así como sanciones disciplinarias severas incluyendo la suspensión del ejercicio de la abogacía.

Asimismo, en vista de que la licenciada Arocho Cruz no había contestado nuestra Resolución de 7 de junio de 2017, emitimos otra Resolución el 16 de agosto de 2017 concediéndole un término final de 10 días para comparecer y mostrar causa por la cual no debía ser suspendida del ejercicio de la abogacía debido a su incumplimiento con los requisitos de educación jurídica continua.

Al momento, la licenciada Arocho Cruz no ha cumplido con estas Resoluciones dictadas en agosto de 2017.

## II

El Tribunal Supremo de Puerto Rico tiene la facultad inherente de regular la profesión legal en esta jurisdicción. Por ello, corresponde que nos aseguremos de que los miembros admitidos a la práctica de la abogacía ejerzan sus funciones de forma responsable, competente y

diligente.[9]  A esos fines, el Código de Ética Profesional establece las reglas mínimas de conducta que deben regir a los integrantes de la ilustre profesión de la abogacía en el desempeño de sus funciones.[10]  Ese cuerpo de normas impone a los miembros de la profesión jurídica la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".[11]  Así, todo abogado debe cumplir con los requisitos establecidos en el Reglamento del PEJC, *supra*.[12]

En múltiples ocasiones nos vemos obligados a disciplinar a abogados que no atienden los requerimientos del Programa e incumplen con las horas crédito de educación jurídica continua.[13]  A esos fines, hemos manifestado en reiteradas ocasiones que la desidia y la dejadez ante los requerimientos del PEJC no solo constituyen un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que

---

[9] In re Vera Vélez, 192 DPR 216, 225-226 (2015).

[10] In re De Jesús Román, 192 DPR 799, 802 (2015).

[11] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX.  Véase, además, In re Justo Méndez Molina, 2018 TSPR 3, 199 DPR ___ (2018).

[12] Véase In re Enmdas. R. Educ. Jur. Cont., 193 DPR 233 (2015).

[13] In re Justo Méndez Molina, supra; In re Arroyo Acosta, 192 DPR 848, 852 (2015); In re Rivera Trani, 188 DPR 454, 459-460 (2013).

encarna el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX.[14]

En relación con los asuntos de notaría, este Foro ha expresado que no se puede asumir una actitud pasiva ante los señalamientos efectuados por la ODIN en cuanto a las deficiencias en la obra notarial.[15] Debe quedar claro que los requerimientos que realiza la ODIN son análogos a las órdenes que hace este Foro, de manera tal que deben atenderse con igual premura y diligencia.[16]

De igual forma, hemos advertido a los miembros de la profesión legal que es su deber contestar con diligencia los requerimientos de esta Curia y acatar nuestras órdenes.[17] Claramente, el desatender los requerimientos de este Foro es incompatible con la práctica de la profesión legal, ya que constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica.[18] Esta obligación se extiende a todos aquellos requerimientos que emitan la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica

---

[14] In re Justo Méndez Molina, supra; In re Casale Villani, 2017 TSPR 100, 198 DPR ___ (2017).

[15] In re Padilla García, 2018 TSPR 71, 200 DPR ___ (2018).

[16] In re Padilla García, supra; In re Núñez Vázquez, 197 DPR 506 (2017).

[17] In re Justo Méndez Molina, supra; In re Zambrana Ortiz, 2017 TSPR 111, 198 DPR ___ (2017); In re Rivera Trani, supra, pág. 460.

[18] In re De Jesús Román, supra, pág. 803; In re Bryan Picó, 192 DPR 246, 251 (2015).

Continua.[19] En consecuencia, la indiferencia a los avisos de cualquiera de estas dependencias se equipara a una afrenta a las órdenes del propio Tribunal e igualmente supone la suspensión inmediata e indefinida de la profesión legal.[20]

### III

En primer lugar, la licenciada Arocho Cruz desatendió las comunicaciones notificadas por el PEJC, no asistió a la vista informal ni pagó la cuota por incumplimiento tardío. De igual forma, las horas crédito adeudadas quedaron al descubierto y no respondió a las órdenes de este Tribunal brindándole oportunidad para que explicara las razones de su incumplimiento con el Programa. Ante este cuadro, es claro que su conducta fue contraria a los Cánones 2 y 9 del Código de Ética Profesional, *supra*, así como a los requerimientos del Reglamento del PEJC, *supra*.

Respecto a los requerimientos de la ODIN, resulta indiscutible que la licenciada Arocho Cruz incumplió con subsanar las deficiencias señaladas en su obra protocolar, esto es la deficiencia arancelaria de $505 por la omisión de cancelar los sellos a favor de SAL en 101 asientos en el Tomo Octavo del Libro de Registro de Testimonios y al no entregar los tomos de Protocolo correspondientes a los

---

[19] *In re Abreu Figueroa*, 2017 TSPR 126, 198 DPR ___ (2017); *In re Montañez Melecio*, 197 DPR 275, 284 (2017).

[20] *In re Montañez Melecio*, supra, pág. 284; *In re Sepúlveda Padilla*, 195 DPR 606, 614 (2016); *In re De Jesús Román*, *supra*, pág. 803; *In re Vera Vélez*, 192 DPR 216, 226-227 (2015).

años naturales 2002 y 2012. Este incumplimiento se dio a pesar de las advertencias de la ODIN en cuanto a las consecuencias disciplinarias que la abogada podría enfrentar si seguía con el patrón de incumplimiento. La conducta desplegada por la licenciada Arocho Cruz ante los requerimientos de la ODIN también reflejan una violación al Canon 9 del Código de Ética Profesional, *supra.*

En varias instancias le concedimos a la licenciada Arocho Cruz unos términos para que compareciera ante este Foro. Además, le apercibimos que el incumplimiento con nuestras órdenes podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la práctica de la abogacía. Sin embargo, la abogada no ha comparecido ante esta Curia. El patrón de conducta desplegado por la licenciada Arocho Cruz demuestra desidia y falta de interés en practicar la profesión legal en esta jurisdicción. Ante esas circunstancias, no hay otro remedio que tomar acción disciplinaria en su contra.

IV

Por las razones antes expuestas, decretamos la suspensión inmediata e indefinida de la licenciada Arocho Cruz del ejercicio de la abogacía. Además, le concedemos por última vez un término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia, para que entregue los dos tomos de Protocolo correspondientes a los años naturales 2002 y 2012, y pague

la deuda arancelaria de $505, so pena de referir el asunto al Tribunal de Primera Instancia a un proceso de desacato.

La licenciada Arocho Cruz deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. Asimismo, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente a la señora Arocho Cruz mediante correo electrónico y vía correo certificado con acuse de recibo a la dirección que surge en el Registro Único de Abogados (RÚA).

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Bernadette Arocho Cruz          TS-13,384

***SENTENCIA***

San Juan, Puerto Rico, a 22 de mayo de 2018.

Por las razones antes expuestas, decretamos la suspensión inmediata e indefinida de la licenciada Arocho Cruz del ejercicio de la abogacía. Además, le concedemos por última vez un término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia, para que entregue los dos tomos de Protocolo correspondientes a los años naturales 2002 y 2012, y pague la deuda arancelaria de $505, so pena de referir el asunto al Tribunal de Primera Instancia a un proceso de desacato.

La licenciada Arocho Cruz deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. Asimismo, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese** inmediatamente a la señora Arocho Cruz mediante correo electrónico y vía correo certificado con acuse de recibo a la dirección que surge en el Registro Único de Abogados (RÚA).

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.  La Jueza Presidenta Oronoz Rodríguez, no intervino.


                    Sonnya Isabel Ramos Zeno
              Secretaria del Tribunal Supremo Interina