EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Rogelio Canales Pacheco | 2018 TSPR 100<br><br>200 DPR ____ |

Número del Caso: TS-8,755


Fecha: 10 de mayo de 2018


Abogado del promovido:

        Lcdo. Edmundo Ayala Oquendo


Oficina de Inspección de Notarías

        Lcdo. Manuel Ávila De Jesús
        Director


Materia:  La suspensión será efectiva el 5 de junio de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| | **Núm.** TS-8,755 | |
| Rogelio Canales Pacheco | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 10 de mayo de 2018.

En esta ocasión, nos corresponde ordenar la suspensión inmediata e indefinida de la abogacía de un profesional del Derecho por violar el canon 9 del *Código de ética profesional*, 4 L.P.R.A. Ap. IX, C.9.

**I**

El Lcdo. Rogelio Canales Pacheco fue admitido a la profesión de la abogacía el 4 de enero de 1988 y a la notaría el 13 de julio del mismo año.

El 27 de enero de 2017, mediante *Resolución* notificada personalmente, se ordenó la suspensión preventiva del ejercicio de la notaría del licenciado Canales Pacheco. Esto, tras evaluar los informes presentados por el Lcdo. Manuel E. Ávila de Jesús, Director de la Oficina de Inspección de Notarías (ODIN), y por la Oficina de la Procuradora General. Véase *In re Rogelio Pacheco Canales*, 197 D.P.R. 274 (2017). En la referida *Resolución*, se determinó que la suspensión preventiva sería hasta tanto este Tribunal tomara una

determinación final sobre la queja (AB-2014-95) presentada en su contra.[1]

Durante el trámite de la notificación personal de la mencionada *Resolución*, se incautó la obra notarial del abogado, la cual fue inspeccionada. De esta inspección surgieron una serie de deficiencias que se encuentran enumeradas en el informe rendido por la inspectora Lcda. Enid Almenas Serrano, el 19 de abril de 2017. Dicho informe destaca las siguientes deficiencias: (1) la falta de encuadernación, índice, numeración, notas de apertura y cierre en los años naturales del 2014 al 2017, inclusive, en la obra notarial examinada; (2) la nota de apertura está incompleta y hay una omisión de la nota de cierre del Protocolo; (3) la omisión de nota de saca; (4) el número de instrumento no consta o no concuerda con el orden cronológico; (5) la falta de signo, sello o rúbrica en un instrumento público; (6) la ausencia de cinco (5) instrumentos públicos; (7) la no consignación del número de catastro o, si lo desconocía, no se hizo constar ni se anejó una certificación negativa del CRIM; (8) la omisión de sellos de Rentas Internas (RI), Impuesto Notarial (IN) y Sociedad para la Asistencia Legal (SAL) en los instrumentos públicos ascendentes a la cantidad de $2,298.50,

---

[1] Además de dicha queja, la cual advino querella tras la presentación del correspondiente informe de la Oficina del Procurador General (CP-2016-6), el licenciado Canales Pacheco tiene otra querella (CP-2017-6) pendiente ante la consideración de este Tribunal. Asimismo, el licenciado Canales Pacheco se encuentra actualmente en incumplimiento con los créditos requeridos por el Programa de Educación Jurídica Continua.

y (9) la falta de la firma del notario y del sello notarial en varios Asientos del Libro de Registros de Testimonios. Asimismo, surge del informe que el licenciado Canales Pacheco adeuda múltiples Informes de Actividad Notarial Mensual e Informes Estadísticos Anuales de Actividad Notarial. Por último, nos informa el Director de la ODIN que en el expediente no hay evidencia acreditativa del pago de la Fianza Notarial para los años 2014 al 2017.

El 12 de mayo de 2017, concedimos al licenciado Canales Pacheco un término de quince (15) días para que entregara los instrumentos públicos no incautados, los informes notariales adeudados a la ODIN y la correspondiente evidencia acreditativa del pago de la fianza notarial para los años 2014-2017. De otra parte, se le ordenó, en un término de sesenta (60) días, subsanar a sus expensas la obra notarial incautada, incluyendo la deficiencia arancelaria notificada. Por último, le advertimos al letrado que su incumplimiento podría acarrear sanciones más severas, incluyendo la separación del ejercicio de la abogacía.

El 21 de julio de 2017, compareció nuevamente el Director de la ODIN y nos informó que los términos concedidos en la *Resolución* del 12 de mayo de 2017 estaban vencidos y que el letrado tampoco había comparecido. En respuesta a ello, ordenamos al licenciado Canales Pacheco, en un término de cinco (5) días, mostrar causa por la cual no debíamos suspenderlo de la profesión legal.

Así las cosas, el 11 de agosto de 2017, el licenciado Canales Pacheco compareció y arguyó que confrontaba problemas de índole personal, de salud y económicos los cuales provocaron su incumplimiento con las órdenes de la ODIN y este Tribunal. Por tanto, solicitó un término adicional de seis (6) meses para subsanar las deficiencias de su obra notarial. A pesar de las escuetas excusas ofrecidas por el licenciado Canales Pacheco respecto a su reiterado incumplimiento, le concedimos un **término final e improrrogable** de cuarenta y cinco (45) días, mediante la *Resolución* emitida el 28 de noviembre de 2017. Además, se le advirtió nuevamente que su incumplimiento podría conllevar la suspensión de la profesión legal.

El 26 de enero de 2018, el Director de la ODIN compareció mediante *Moción notificando incumplimiento de orden y en solicitud de remedios*. En ésta, nos alertó que el **término final e improrrogable** concedido al licenciado Canales Pacheco para cumplir con lo ordenado por la ODIN y este Tribunal había vencido. Surge de la moción que, a la fecha de su presentación, el licenciado Canales Pacheco aún no había realizado gestión alguna para encaminar el proceso de subsanación de su obra notarial.

Como resultado del trámite que antecede, el Director de la ODIN nos solicita que refiramos el asunto al proceso de desacato ante el Tribunal de Primera Instancia para el trámite correspondiente y que determinemos si procede la suspensión

de manera inmediata e indefinida del ejercicio de la abogacía del letrado.

Sin embargo, el 5 de febrero de 2018, el licenciado Canales Pacheco compareció, mediante su representación legal, ante este Foro y presentó una *Moción en cumplimiento de orden*. Surge del escrito que el letrado presuntamente está coordinando con la ODIN un término improrrogable de quince (15) días para subsanar los aranceles adeudados. Por ende, solicita un término adicional de sesenta (60) días para continuar sus gestiones en aras de cumplir con lo ordenado por este Tribunal.

Luego de corroborar con la ODIN, y a pesar del tiempo transcurrido desde las respectivas comparecencias del Director de la ODIN y del licenciado Canales Pacheco, al día de hoy éste último aún no ha subsanado las deficiencias señaladas en su obra notarial.

## II

En nuestra jurisdicción, todo miembro de la abogacía tiene el deber de cumplir con las normas de conducta contenidas en el *Código de ética profesional*. Entre éstas, se encuentra el deber para con los tribunales. Sobre este particular, el canon 9 de *Ética profesional* dispone que todo abogado debe "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. AP. IX, C.9.

De este postulado ético, surge el deber de todo abogado de responder diligentemente a las órdenes y requerimientos

del tribunal. Véase *In re Aponte Sánchez*, 178 D.P.R. 647, 649 (2010); *In re Cubero Feliciano I*, 175 D.P.R. 794 (2009). En atención a ello, en repetidas ocasiones hemos afirmado que "procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias". *In re Mangual Acevedo*, 197 D.P.R. 998, 1001 (2017); *In re González Acevedo*, 197 D.P.R. 360, 365 (2017); *In re Colón Collazo*, 196 D.P.R. 239, 242 (2016).

Asimismo, los deberes y las obligaciones impuestas en este canon se extienden a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua. *In re Abreu Figueroa*, 198 D.P.R. 532 (2017); *In re Montañez Melecio*, 197 D.P.R. 275 (2017). Asumir una actitud de indiferencia hacia las órdenes de un tribunal y los requerimientos de los entes antes mencionados resulta contrario a los principios consagrados en el canon 9. *In re Abreu Figueroa*, 198 D.P.R. 532, 538 (2017). Dicha actitud podría conllevar la imposición de sanciones disciplinarias severas, como es la suspensión del ejercicio de la profesión. *Id.*; *In re Torres Román*, 195 D.P.R. 882 (2016).

## III

En el año 2017, el licenciado Canales Pacheco fue suspendido preventivamente del ejercicio de la notaría tras una queja presentada en su contra y las correspondientes

investigaciones de rigor. Como resultado de dicha suspensión, la obra notarial del licenciado de referencia fue incautada y, posteriormente, inspeccionada. De este procedimiento surgieron un sinnúmero de deficiencias notariales, las cuales al presente no han sido subsanadas.

Del historial disciplinario aquí reseñado, reluce un patrón de falta de interés desplegado por el licenciado Canales Pacheco en su quehacer como profesional del Derecho. El letrado ha tenido tiempo suficiente para hacer las gestiones necesarias para cumplir con nuestras órdenes y los requerimientos de la ODIN. La actitud displicente y la conducta de indiferencia desplegada por el licenciado Canales Pacheco hacia dichas órdenes, y conforme a los más altos estándares éticos en nuestra jurisdicción, sin lugar a duda, constituyen una violación al canon 9 del *Código de ética profesional*. Véase *In re Abreu Figueroa*, 198 D.P.R. 532 (2017). Por todo lo cual, procede su suspensión inmediata de la notaría y de la práctica de la abogacía.

## IV

En atención a lo anterior, se ordena la suspensión inmediata e indefinida de la práctica de la notaría y la abogacía del licenciado Canales Pacheco. Se le impone el deber de notificar a sus clientes sobre su inhabilidad de continuar representándoles, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el

cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Provisto que el señor Canales Pacheco tiene pendiente varias querellas ante este Tribunal, se ordena el archivo administrativo de las mismas.

Consecuentemente, la **última** fianza notarial prestada queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el licenciado Canales Pacheco durante el periodo en que la fianza estuvo vigente.

Por último, se le ordena que, en un término de sesenta (60) días, subsane a sus expensas las deficiencias señaladas por la ODIN. De no cumplir con lo aquí ordenado, se le apercibe que referiremos el asunto al proceso de desacato ante el Tribunal de Primera Instancia para el trámite correspondiente.

Notifíquese personalmente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Lcdo. Rogelio Canales Pacheco

**Núm.** TS-8,755

SENTENCIA

En San Juan, Puerto Rico, a 10 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la notaría y la abogacía del Lcdo. Rogelio Canales Pacheco. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a estos sobre su inhabilidad de continuar representándolos, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su respectiva suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Consecuentemente, la **última** fianza notarial prestada queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el licenciado Canales Pacheco durante el periodo en que la fianza estuvo vigente.

Por último, se le ordena que en un término de sesenta (60) días subsane, a sus expensas, las deficiencias señaladas por la Oficina de Inspección de Notarías (ODIN). De no cumplir con lo aquí

ordenado, se le apercibe que referiremos el asunto al proceso de desacato ante el Tribunal de Primera Instancia para el trámite correspondiente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo