EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2019 TSPR 20    |
|                           |                 |
| Rodolfo Cobas Mondríguez  | 201 DPR ____    |
|                           |                 |

Número del Caso:  TS-10,598


Fecha: 31 de enero de 2019


Ofician de Inspección de Notarías:

        Lcdo. Manuel E. Ávila De Jesús
        Director


 Lcdo. Rodolfo Cobas Mondríguez:

        Por derecho propio


Materia:  Conducta Profesional – La suspensión será efectiva el 7 de febrero de 2019.  Fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rodolfo Cobas Mondríguez     TS-10598

PER CURIAM

San Juan, Puerto Rico, a 31 de enero de 2019.

Hoy, nos vemos obligados a ejercer nuestro poder disciplinario sobre un miembro de la profesión jurídica por incumplir las órdenes de este Tribunal y los requerimientos de la Oficina de Inspección de Notarías (ODIN). Por ello, decretamos la suspensión inmediata e indefinida del Lcdo. Rodolfo Cobas Mondríguez (licenciado Cobas Mondríguez) de la práctica de la abogacía y la notaría.[1]

**I**

El 20 de agosto de 2014, la ODIN notificó al licenciado Cobas Mondríguez su incumplimiento con ciertos requisitos para el ejercicio de la notaría, conforme a la Ley Notarial de Puerto Rico y a su Reglamento, infra. Particularmente, el licenciado Cobas Mondríguez no había presentado múltiples Índices Mensuales de Actividad

---

[1]El Lcdo. Rodolfo Cobas Mondríguez (licenciado Cobas Mondríguez) fue admitido a la práctica de la abogacía el 3 de enero de 1994 y juramentó como notario el 2 de mayo de 2003.

Notarial (índices mensuales) e Informes Estadísticos Anuales de Actividad Notarial (informes anuales).[2] Por tal razón, la ODIN le proveyó un término de diez días para que diligenciara la presentación de los índices mensuales e informes anuales. Asimismo, le solicitó que justificara las razones que dieron paso a su reiterado incumplimiento. A pesar de ello, el licenciado Cobas Mondríguez hizo caso omiso a la notificación de la ODIN. Ante ese cuadro, la ODIN le concedió varias prórrogas y oportunidades para que cumpliera con su deber.

Ante la inacción del licenciado Cobas Mondríguez, la ODIN presentó ante este Tribunal un Informe Especial sobre Incumplimiento de la Ley Notarial y su Reglamento en el que nos notificó el incumplimiento antes descrito. Advertidos de tal situación, el 30 de enero de 2015 le concedimos al licenciado Cobas Mondríguez treinta días para cumplir con las deficiencias señaladas por la ODIN. En esa ocasión, apercibimos al licenciado Cobas Mondríguez de que su incumplimiento con nuestra orden podría conllevar sanciones disciplinarias.

Por su parte, el 28 de mayo de 2015, la ODIN nos informó, mediante la Moción Informativa y en Solicitud de

---

[2] El licenciado Cobas Mondríguez adeudaba los Índices Mensuales de Actividad Notarial (índices mensuales) correspondientes a los meses de septiembre de 2006, septiembre de 2008, abril a diciembre de 2011, enero a diciembre de 2012, enero a diciembre de 2013 y enero a julio de 2014. Por otra parte, el licenciado Cobas Mondríguez adeudaba los Informes Estadísticos Anuales de Actividad Notarial (informes anuales) correspondientes a los años de 2006, 2009, 2010, 2011, 2012 y 2013.

<u>Remedios</u>, que el licenciado Cobas Mondríguez entregó los índices mensuales adeudados. No obstante, señaló que no cumplió cabalmente con nuestra orden, pues no presentó los informes anuales. De igual forma, nos notificó que, además de los informes anuales adeudados, el licenciado Cobas Mondríguez también incumplió con la entrega del informe anual correspondiente al año 2014.

Asimismo, la ODIN nos informó que, durante la inspección anual de la obra notarial del licenciado Cobas Mondríguez, éste adujo que su Libro de Registro de Testimonios había sido hurtado. A raíz de ello, la ODIN le orientó y le instruyó sobre el procedimiento de reconstrucción con el cual debía cumplir. Sin embargo, la ODIN nos informó que el licenciado Cobas Mondríguez aún no había diligenciado dicho proceso.

Finalmente, la ODIN añadió que el licenciado Cobas Mondríguez también incumplió con las normas relacionadas con la fianza notarial. Particularmente, nos notificó que su fianza venció el 5 de febrero de 2012 y que la misma no había sido renovada.

Por su parte, el licenciado Cobas Mondríguez acudió ante nosotros y alegó que, contrario a lo informado por la ODIN, había cumplido con todas las deficiencias señaladas. No obstante, el licenciado Cobas Mondríguez no acreditó ni evidenció su cumplimiento de forma alguna.

En respuesta, la ODIN compareció nuevamente ante este Tribunal y nos reiteró que el licenciado Cobas Mondríguez

no había cumplido con todos sus requerimientos. Esto, pues incumplió con el procedimiento necesario para la reconstrucción del Libro de Registro de Testimonios y no había renovado la fianza notarial vencida desde el año 2012. El licenciado Cobas Mondríguez no respondió a la información ofrecida por la ODIN.

Ahora bien, la ODIN reconoció que el licenciado Cobas Mondríguez finalmente presentó los informes anuales correspondientes a los años 2011 al 2014. Sin embargo, es menester destacar que diligenció dichos documentos luego de seis meses de emitida nuestra orden.

Así las cosas, el 12 de diciembre de 2018, la ODIN acudió ante este Tribunal mediante una Urgente Moción en Solicitud de Remedios. En la misma, la ODIN nos informó que el licenciado Cobas Mondríguez aún no ha diligenciado la reconstrucción del Libro de Registro de Testimonio alegadamente hurtado en el año 2014. Asimismo, que no ha acreditado la renovación de su fianza notarial, por lo que no existe evidencia de que el licenciado Cobas Mondríguez haya prestado la correspondiente fianza notarial desde el año 2012. De igual forma, añadió que nuevamente está incumpliendo con su deber de presentar los informes mensuales.[3] Por último, señaló que el licenciado Cobas Mondríguez se ha ausentado a recientes citas con la

---

[3]En esta ocasión, el licenciado Cobas Mondríguez adeuda los índices mensuales correspondientes a los meses de enero, noviembre y diciembre de 2017, como los de mayo a noviembre de 2018.

Inspectora de Protocolos y no ha justificado su incomparecencia ante la ODIN.

Ante ello, le concedimos al licenciado Cobas Mondríguez un término de diez días, hasta el 22 de enero de 2019, para que mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía y de la notaría. Además, le ordenamos que acreditara el cabal cumplimiento con **todas** las deficiencias señaladas por la ODIN.

En respuesta a lo anterior, el licenciado Cobas Mondríguez comparece ante este Tribunal y nos notifica que acudió a la ODIN donde acordó una reunión con una Inspectora de Protocolos para el próximo 6 de marzo de 2019. Alega el letrado que, en esa reunión, subsanará todas las deficiencias en su obra notarial. Particularmente, sostiene que en esa ocasión culminará el procedimiento de reconstrucción del Libro de Registro de Testimonio y evidenciará el pago de la fianza notarial. En torno a los índices mensuales, reconoció que "esporádicamente faltaba uno que otro", pero que en la reunión pautada proveerá los mismos. Por último, expresa que desconoce de cita alguna con la ODIN a la que se haya ausentado.

## II

### A.

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética

Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. In re Canales Pacheco, res. el 10 de mayo de 2018, 2018 TSPR 100, pág. 7. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la ODIN, la Oficina del Procurador General, y el Programa de Educación Jurídica Continua. In re Arocho Cruz, res. el 22 de mayo de 2018, 2018 TSPR 97, págs. 11-12. De esa forma, hemos sido consecuentes al suspender indefinidamente del ejercicio de la profesión a abogados que han desentendido los requerimientos de la ODIN. In re Candelario Lajara I, 197 DPR 722, 726 (2017). Esto, pues "[t]ratar con ligereza o laxitud los señalamientos de la ODIN también configura una violación del Canon 9 de Ética Profesional". Íd.

**B.**

Como es sabido, la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 et seq., y su correspondiente Reglamento, 4 LPRA Ap. XXIV, establecen una serie de requisitos para el ejercicio de la notaría. Esto, pues la institución del notariado puertorriqueño ejerce una función vital en nuestra sociedad al ser custodio de la fe pública notarial. In re García Cabrera et al., 188 DPR 196, 207-208 (2013). Por tal razón, "el abogado que no puede

cumplir cabalmente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en el ejercicio de su honestidad profesional, abstenerse de practicar el notariado". In re Feliciano Lassalle, 175 DPR 110, 115 (2008).

Entre los múltiples requisitos que exige el ejercicio de la notaría en Puerto Rico, se encuentra la responsabilidad de presentar mensual y anualmente a la ODIN unos índices e informes que describan la actividad notarial realizada por el notario o notaria. 4 LPRA sec. 2023; 4 LPRA sec. 2031a. La preparación de los referidos documentos es sencilla y no requiere conocimiento especial alguno. In re Feliciano Lassalle, supra, pág. 114. Además, los mismos se pueden presentar ágil y rápidamente mediante vía electrónica. Instrucciones generales a los notarios y las notarias, Oficina de Inspección de Notarías, pág. 41, http://www.ramajudicial.pr/odin/pdf/IGNN/IGNN.pdf. Por su parte, la presentación tardía de los documentos requiere una moción explicativa a fines de justificar su incumplimiento. In re Carrasquillo Martínez, 173 DPR 798, 802 (2008). Cónsono con ello, hemos dispuesto que el incumplimiento con la obligación de presentar los índices mensuales e informes anuales constituye una falta grave que acarrea sanciones severas. In re Da Silva Arocho, 189 DPR 888, 893 (2013).

Asimismo, la Ley Notarial de Puerto Rico y su Reglamento exigen la prestación de una fianza anual como

requisito indispensable del ejercicio de la notaría. 4 LPRA sec. 2011; 4 LPRA Ap. XXIV, R. 9. La fianza notarial es una herramienta vital de la notaría que garantiza la estabilidad del tráfico jurídico y que protege a las personas que comparecen ante notario. In re Asencio Márquez, 176 DPR 598, 599 (2009). En consecuencia, hemos suspendido indefinidamente del ejercicio de la profesión a abogados que han incumplido con el requisito de la fianza notarial. In re Ribas Dominicci I, 131 DPR 491, 498-499 (1992).

Finalmente, es menester destacar que los profesionales de la notaría, como custodios de la obra notarial, son responsables de su conservación. In re Torres Dávila, 195 DPR 558, 563 (2016). El deber de custodia y protección de la obra notarial se extiende a los Registros de Testimonios. 4 LPRA Ap. XXIV, R. 58A. Por tal tazón, en caso de pérdida o destrucción de obra notarial, los notarios y notarias tienen la obligación de reconstruir la obra notarial. In re Carrasquillo Martínez, supra, pág. 803. Para ello, la Ley Notarial de Puerto Rico y su Reglamento requieren el diligenciamiento de un procedimiento que exige a su vez, entre varios requisitos, la pronta notificación a la Jueza Presidenta del Tribunal Supremo de Puerto Rico y la realización de un acta notarial. 4 LPRA sec. 2079; 4 LPRA Ap. XXIV, R. 58A.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Cobas Mondríguez.

**III**

Según expuesto, el licenciado Cobas Mondríguez reiteradamente ha obviado los requerimientos de la ODIN. Particularmente, el licenciado Cobas Mondríguez no ha reconstruido el correspondiente Libro de Registro de Testimonio. El letrado alega que culminará dicho procedimiento en una reunión pautada con la ODIN para el próximo mes de marzo. Sin embargo, es altamente preocupante que el licenciado Cobas Mondríguez aún esté gestionando trámites en el año 2019 de un procedimiento que se debió iniciar diligentemente luego del alegado hurto de la obra notarial en el año 2014.

Asimismo, como expusimos anteriormente, la reconstrucción de la obra notarial conlleva varios requisitos, entre ellos la notificación de la pérdida y la realización de un acta notarial. 4 LPRA sec. 2079; 4 LPRA Ap. XXIV, R. 58A. No obstante, el licenciado Cobas Mondríguez no acredita haber diligenciado alguno de estos trámites.

De igual forma, el licenciado Cobas Mondríguez no ha evidenciado la prestación de su fianza notarial desde el año 2012. Nuevamente, el letrado alega que cumplirá con

dicha obligación en la reunión pautada con la ODIN. Esto, sin embargo, es en clara contravención de la orden de este Tribunal que exigió que acreditara, en o antes del 22 de enero de 2019, el cumplimiento con las deficiencias señaladas por la ODIN.

Además, su conducta refleja un patrón de descuido e indiferencia, pues nuevamente está incumpliendo con su responsabilidad de presentar los informes mensuales de actividad notarial. Como agravante, el licenciado Cobas Mondríguez reconoce que "esporádicamente faltaba uno que otro" índice mensual, pero que prontamente presentará los mismos en la reunión pautada con la ODIN. De esta forma, el letrado nuevamente hace caso omiso a la orden de este Tribunal.

En fin, el licenciado Cobas Mondríguez tuvo la oportunidad de subsanar las deficiencias señaladas y no lo hizo. El despliegue de tal irresponsabilidad no nos permite descansar en su palabra de que el próximo mes subsanará todas las deficiencias que arrastra por tanto tiempo. A pesar de que ha transcurrido tiempo suficiente, aún no ha diligenciado la corrección de todas las deficiencias notificadas por la ODIN.

La actitud pasiva exhibida por el licenciado Cobas Mondríguez denota dejadez hacia sus responsabilidades como miembro activo de la profesión jurídica. Además, demuestra irreverencia hacia uno de nuestros brazos operacionales y con ello, hacia nuestra autoridad disciplinaria, lo que

conlleva una violación al Canon 9 del Código de Ética Profesional, supra. De igual forma, incumplió con nuestra orden de subsanar la totalidad de las deficiencias en su obra notarial. Por tales motivos, nos vemos obligados a suspenderlo inmediata e indefinidamente de la práctica de la notaría.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Sr. Rodolfo Cobas Mondríguez del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de **treinta días** contado a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Rodolfo Cobas Mondríguez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud

de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales, de haber prestado la misma, queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente. Por último, le ordenamos al Sr. Rodolfo Cobas Mondríguez que cumpla con **todas** las deficiencias notificadas por la Oficina de Inspección de Notarías, dentro del término de **noventa días** contado a partir de la notificación de esta Opinión <u>Per Curiam</u> y Sentencia.

Notifíquese personalmente esta Opinión <u>Per Curiam</u> y Sentencia al Sr. Rodolfo Cobas Mondríguez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rodolfo Cobas Mondríguez     TS-10598

SENTENCIA

San Juan, Puerto Rico, a 31 de enero de 2019.

Por los fundamentos que anteceden, se suspendende inmediata e indefinidamente al Sr. Rodolfo Cobas Mondríguez del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de **treinta días** contado a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Rodolfo Cobas Mondríguez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales, de haber prestado la misma, queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente. Por último, le ordenamos al Sr. Rodolfo Cobas Mondríguez que cumpla con **todas** las deficiencias notificadas por la Oficina de Inspección de Notarías, dentro del término de **noventa días** contado a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia al Sr. Rodolfo Cobas Mondríguez.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo