EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Robert W. Odasz | 2019 TSPR 21<br><br>201 DPR ____ |

Número del Caso:  TS-6,622


Fecha: 31 de enero de 2019


Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director Ejecutivo


 Lcdo. Robert W. Odasz:

      Por derecho propio


Materia:  Conducta Profesional – La suspensión será efectiva el 12 de febrero de 2019.  Fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Robert W. Odasz | **Núm.** TS-6,622 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 31 de enero de 2019.

En esta ocasión, nos corresponde ordenar nuevamente la suspensión inmediata e indefinida de la abogacía de un profesional del Derecho por incumplir con las órdenes de este Tribunal y los requerimientos del Programa de Educación Jurídica Continua (PEJC) en contravención del Canon 9 del *Código de ética profesional*, 4 LPRA Ap. IX, C. 9.

**I**

El Lcdo. Robert W. Odasz fue admitido al ejercicio de la abogacía el 7 de noviembre de 1978 y a la notaría el 28 de mayo de 1982.[1]

El 7 de junio de 2017, el entonces Director Ejecutivo del PEJC, el Lcdo. José I. Campos Pérez, presentó ante este Foro un escrito titulado *Informe sobre incumplimiento con requisito de educación jurídica continua* (*Informe*), en el que detalló la información pertinente sobre los profesionales del Derecho que incumplieron los requisitos establecidos en el Reglamento del PEJC durante el periodo del 1 de diciembre de

---

[1] El abogado de epígrafe cesó voluntariamente la notaría el 30 de noviembre de 1987 y este Tribunal dio por terminada su fianza notarial, mediante resolución, el 12 de febrero de 1988.

2009 al 30 de noviembre de 2011. Entre los abogados incluidos en el *Informe* se encuentra el licenciado Odasz. Conforme a lo dispuesto en el Reglamento del PEJC, el 31 de enero de 2012 se le envió al abogado de epígrafe, junto con los demás letrados incluidos en el *Informe*, un *Aviso de incumplimiento* en el cual se les otorgó sesenta (60) días adicionales, entre otras alternativas, para tomar los cursos necesarios para subsanar las deficiencias señaladas. Luego de transcurrir un periodo razonable, el 11 de julio de 2014, el PEJC cursó una citación para la celebración de una vista informal a los profesionales del Derecho que aún no habían cumplido con el periodo en cuestión; entre éstos se hallaba el licenciado Odasz.[2] Según surge del *Informe*, el abogado de epígrafe no compareció físicamente a la vista informal ni por escrito ante el PEJC. Por último, conviene resaltar que se desprende del *Informe* que el licenciado Odasz, además de incumplir con los créditos del periodo antes señalado, adeuda el pago de una multa de ciento cincuenta dólares ($150.00).

Así las cosas, el 20 de julio de 2017, el licenciado Odasz presentó una *Moción informando plan de cumplimiento con requisito de educación jurídica continua*, en la que explica

---

[2] El entonces Director Ejecutivo del PEJC explicó en el *Informe* que todas las notificaciones, incluyendo la citación para la vista informal, se enviaron a la dirección postal que obra en el Registro Único de Abogados (RÚA). Sin embargo, hubo varios letrados cuya correspondencia fue devuelta al PEJC; entre ellos estaba el licenciado Odasz. Con relación a esto, el *Informe* señala que el 3 de junio de 2010, este Foro emitió una resolución en la que ordenó a todos los miembros de la profesión legal a revisar y actualizar sus direcciones en RÚA. Véase *In re Rs. Proc. Civil y R. T. Supremo*, 179 DPR 174 (2010).

que se reunió con la Lcda. Nicolle Lozada Báez, Asesora Legal del PEJC, con el propósito de discutir un plan de cumplimiento para los créditos adeudados y, a su vez, orientarse sobre los distintos proveedores de educación jurídica continua disponibles. En su escrito, el abogado de epígrafe explicó los pormenores de su plan de cumplimiento y solicitó un término de ciento veinte (120) días para completar los doce (12) créditos de Ética y Responsabilidad Profesional, así como los sesenta (60) créditos en Derecho general que adeuda. Por último, el licenciado Odasz se disculpó por no haber actualizado su información en RÚA e incluyó el formulario correspondiente con su nueva dirección postal y correo electrónico actual. Luego de examinar la moción presentada por el abogado de epígrafe, el 8 de agosto de 2017, este Tribunal le concedió **un término de noventa (90) días** para cumplir y acreditar los requerimientos del PEJC.

El 28 de noviembre de 2017, el licenciado Odasz compareció nuevamente ante este Foro, mediante un escrito titulado *Moción solicitando prórroga para cumplir con plan de cumplimiento del requisito de educación jurídica continua*, en el que nos informó que se encontraba recibiendo tratamiento médico en el estado de Pensilvania y que, por razón de los efectos del huracán María, no había podido completar los cursos de educación jurídica continua que adeudaba. En atención a ello, solicitó una prórroga de sesenta (60) días. El 31 de enero de 2018, este Foro emitió una resolución en la que le concedió el **término de sesenta (60) días solicitado.**

El 8 de febrero de 2018, el licenciado Odasz compareció, una vez más, ante este Tribunal y explicó que el tratamiento médico al cual fue sometido inicialmente en el estado de Pensilvania no resultó exitoso, por lo que tuvo que ser hospitalizado y operado, el 9 de enero de 2018, en el estado de Nueva Jersey. Con relación a esto, nos informó que el doctor a cargo de su caso, Dr. Arjun Saxena, le recomendó que no trabajara ni viajara hasta el 15 de marzo de 2018. Por tal razón, solicitó un término adicional, hasta el 31 de marzo de 2018, para cumplir con lo ordenado. Mediante resolución, el 8 de mayo de 2018, este Tribunal le concedió un **término adicional de veinte (20) días.**

El 29 de mayo de 2018, el abogado de epígrafe compareció, por última vez, e indicó estar a punto de cumplir -en su totalidad- con las directrices de este Foro. Por tal razón solicitó un término adicional no menor de quince (15) días. El 4 de junio de 2018, se le concedió **un término adicional de quince (15) días** para culminar con los cursos que le quedaban por tomar. Una vez cumplido dicho término, el 27 de junio de 2018, este Foro emitió una resolución concediéndole un **término final de diez (10) días.**

Luego de corroborar con la Secretaría de este Tribunal, y a pesar de los más de seis (6) meses que han transcurrido desde la última comparecencia del licenciado Odasz, al día de hoy, éste aún no ha cumplido con nuestra resolución del 8 de agosto de 2017 en la que se le ordenó cumplir con los requerimientos del PEJC y presentar la certificación de

cumplimiento emitida por dicho programa. De hecho, según surge del último *Historial de cursos acreditados*, con fecha del 22 de enero de 2019, el abogado de epígrafe no ha enviado al PEJC una certificación acreditando haber tomado curso alguno de educación jurídica continua **desde** el 22 de agosto de 2012.

## II

En Puerto Rico, todo miembro de la abogacía tiene el deber de cumplir con las normas de conducta esbozadas en el *Código de ética profesional*. Entre éstas, se encuentra el deber para con los tribunales contemplado en el Canon 9, el cual dispone que todo abogado debe "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA AP. IX, C.9.

De este postulado ético, surge el deber de todo abogado de responder diligentemente a las órdenes y requerimientos del tribunal. Véase *In re Aponte Sánchez*, 178 DPR 647, 649 (2010). En atención a ello, en repetidas ocasiones hemos afirmado que procede la suspensión inmediata e indefinida de la práctica de la abogacía a cualquier miembro de la profesión legal que ignora nuestras órdenes. *In re Francisco Joubert Lugo*, 2018 TSPR 198; *In re Canales Pacheco*, 2018 TSPR 100.

De igual forma, el canon 2 del Código de Ética Profesional, 4 LPRA AP. IX, C.2, requiere que, con el fin de viabilizar "una representación adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su

profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Por tal razón, se estableció "un programa de educación jurídica continua obligatoria dirigido a alentar y contribuir al mejoramiento académico de toda persona que ejerce la profesión del Derecho". *In re Alberty Oms*, 2018 TSPR 51. De manera que los abogados y las abogadas "se mantengan al día en la jurisprudencia, la legislación, la doctrina y las destrezas necesarias para el desempeño de su profesión dentro de los más altos niveles de calidad y competencia". *In re Lloréns Balzac*, 2018 TSPR 85.

En atención a esto último, hemos resuelto que las obligaciones impuestas en el canon 9 se extienden a los requerimientos del PEJC. Véase *In re Arocho Cruz*, 2018 TSPR 97. Asumir una actitud de indiferencia a los requerimientos de este Tribunal y del PEJC podría conllevar la imposición de sanciones disciplinarias severas, como es la suspensión del ejercicio de la profesión legal. *In re Maldonado Pérez*, 2018 TSPR 152; *In re Abreu Figueroa*, 198 DPR 532, 538 (2017).

Expuesto el marco legal pertinente a los hechos, procedemos a resolver.

### III

A pesar de la situación de salud del letrado y los embates del huracán María, surge claramente del expediente que el licenciado Odasz ha tenido **tiempo suficiente** para realizar las gestiones necesarias para cumplir con nuestras órdenes y los requerimientos del PEJC. La conducta de

indiferencia desplegada por el abogado de epígrafe, en particular durante los últimos meses y conforme a los más altos estándares éticos en nuestra jurisdicción, constituye una violación al Canon 9 del *Código de ética profesional*. Véase *In re Canales Pacheco*, 2018 TSPR 100. Por todo lo cual, procede su suspensión inmediata e indefinida de la práctica de la abogacía.

**IV**

En atención a lo anterior, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Odasz. Se le impone el deber de notificar a sus clientes sobre su inhabilidad de continuar representándoles, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en Puerto Rico en el que tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Lcdo. Robert W. Odasz

**Núm.** TS-6,622

SENTENCIA

San Juan, Puerto Rico, a 31 de enero de 2019

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Robert W. Odasz.

En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a estos sobre su inhabilidad de continuar representándolos, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en Puerto Rico en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Publíquese.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo